**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

HILDA L. SOLIS, Secretary of Labor, U.S.
Department of Labor,

     Plaintiff,

-vs-              Case No.  2:10-cv-302-FtM-36SPC

METRO MECHANICAL SYSTEMS, INC.,
WILLIAM R. TUCKER, METRO MECHANICAL
SYSTEMS, INC., 401(K) PROFIT SHARING
PLAN,

     Defendants.

_____

## ORDER

  This matter comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (Doc. #11) filed on October 18, 2010.  Plaintiff served corporate defendant Metro Mechanical Systems, Inc., William R. Tucker, and Metro Mechanical Systems, Inc. 401(k) Profit Sharing Plan, on September 7, 2010.  Plaintiff argues in the instant Motion that a clerk's default is appropriate because Defendants have failed to answer and/or file a responsive pleading within 21 days as required by Federal Rule 12(a)(1)(A)(i).  Under Fed. R. Civ. P. 55(a), default is justified "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise appear by affidavit or otherwise, the clerk shall enter the party's default."

  A corporation may be served by serving process on the president, vice president, the cashier, treasurer, secretary, general manager, any director, any officer or business agent residing in the state. Fla. Stat. § 48.081(1)(a-d).  The conditions imposed by Florida Stat. § 48.081 must be strictly complied with. S.T.R. Industries, Inc. v. Hidalgo Corporation, 832 So. 2d 262, 263 (Fla. 3d DCA 2002); Richardson v. Albury, 505 So. 2d 521, 522-523 (Fla 2d DCA 1987).  In this case, service on

Metro Mechanical Systems, Inc. and the 401(k) Profit Sharing Plan was made on William Tucker, President and Trustee.  This was proper under the rules.

Service upon an individual is made "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon a defendant in an action brought in the courts of general jurisdiction of the State. Fed. R. Civ. P. 4(e).  Under Florida law service upon a individual must be effected "by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading." City of Sweetwater Florida v. St. Germain, 943 So. 2d 259, 262 (Fla. 3d DCA 2006) (citing Fla. Stat. 48.031(1)(a)); Fla. R. Civ. P. 1.070.  In this case, Defendant William R. Tucker personally served, by handing him a copy of the summons and complaint.  This was proper under the rules.

Thus, the Defendants were properly served on September 7, 2010.  Their answer and/or responsive pleading were due to be filed on September 28, 2010.  To date, none of the Defendants have filed an Answer or responsive pleading to the Complaint.  Therefore, a clerk's default is justified.   Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Entry of Clerk's Default (Doc. #11) is **GRANTED**.  The Clerk of the Court is directed to issue a Clerk's Default against the Defendants Metro Mechanical Systems, Inc., William R. Tucker, and Metro Mechanical Systems, Inc. 401(k) Profit Sharing Plan.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of October, 2010.

_Sheri Polster Chappell_
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record